**HUBERT HAMILTON,**
4 Stoney Mine CT
Thurmont, MD 21201,

    *Plaintiff,*

v.

**HOME DEPOT U.S.A., INC.,**
STORE 2562
4121 CRAIN HIGHWAY
BOWIE, MD 20716

    <u>Serve on Resident Agent:</u>
CSC-Lawyers Incorporating Service
Company
7 St. Paul Street Suite 820,
Baltimore, MD 21202

    *Defendant.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

\*  IN THE

\*  CIRCUIT COURT

\*  FOR

\*  PRINCE GEORGE'S

\*  COUNTY

\*  CASE NO.: CAL 22 - 15148

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, Hubert Hamilton, by and through his attorney, Jeffrey Scholnick, hereby files this Complaint and Demand For Jury Trial against Defendant, Home Depot U.S.A. Inc., and states as follows:

## PARTIES, JURISDICTION & VENUE

    1.    At all times material to this case, Plaintiff, Hubert Hamilton, has been a resident of the State of Maryland and has resided in Frederick County, Maryland.

    2.    Upon information and belief, Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware corporation with its principle place of business in Atlanta, Georgia. At all times material to this case, Home Depot carried on a regular business and/or habitually

engaged in Prince George in Maryland, including, Store 2562, 4121 Crain Highway, Bowie, MD 20716.

3.  This claim is instituted for the recovery of damages in excess of thirty thousand dollars ($30,000.00).

4.  This Court has jurisdiction over this matter pursuant to Md. Code Ann., Cts. & Jud. Proc. §1-501.

5.  This Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-103, in so far as the Defendant transacted and rented the merchandise from the named location that caused a tortious injury to the Plaintiff.

6.  Venue is proper in the Circuit Court for Prince George's County pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-201(a), in so far as Defendant rented the equipment that caused the tortious injury..

## FACTS COMMON TO ALL COUNTS

7.  Prior to the accident which occurred on September 5, 2019, the relevant date in question, Plaintiff, Hubert Hamilton, was employed with Capital Property Recovery, a general contracting company working on a job site at a house located at 906 Bay Ridge Ave. Annapolis MD ("Property"). Capital Property Recovery is owned by Tony Crossed.

8.  Capital Property Recovery began working on the Property during the first part of July 2019. Plaintiff, Hubert Hamilton, worked on the Property on the day of the accident.

9.  Capital Property Recovery was hired to restore and repair brick steps, install kitchen replacements, repair drywall, perform paint work, apply joint compound around skylights in the living room, work on exterior fencing, and sand floors.

2

10.     On the day of the incident which forms the basis of this Complaint, Plaintiff, Hubert Hamilton's, employer provided him and the other workers at the Property with several ladders, including a 12-foot ladder leased by his employer that same day, September 5, 2019, from the Defendant Store 2562..

11.     This particular ladder remained at the Property the entire day and was utilized by Plaintiff, Hubert Hamilton, at said location.

12.     Plaintiff, Hubert Hamilton, climbed up and down the step side of this particular ladder twice earlier in the day for a total of about twenty minutes.  On each trip, Plaintiff, Hubert Hamilton, was properly using the ladder to reach high locations to apply a joint compound over repaired drywall.

13.     On the third time up the ladder, around 4:30 p.m., Plaintiff, Hubert Hamilton, began ascending the ladder while carrying a pan of joint compound, and when Plaintiff, Hubert Hamilton, was about 10 feet up the ladder, the front right leg of the ladder collapsed.

14.     Plaintiff, Hubert Hamilton, was violently thrown from the ladder and landed about ten (10) feet away, landing on his left side, his left ankle, and hitting his head on a carpeted step.  The carpeted step was located about twelve (12) feet from where the ladder stood.

15.     Plaintiff, Hubert Hamilton, felt immediate pain and quickly noticed extreme and rapid swelling in his left ankle and left foot.

16.     Plaintiff, Hubert Hamilton, sought medical treatment and he was diagnosed with a broken left foot as a result of the fall off the ladder.  His treatment is ongoing and has included a fusion of the left ankle.

17.     As a result of the fall, Plaintiff, Hubert Hamilton, can no longer work and his standard of living has drastically decreased.

3

18.     The ladder was not damaged nor mishandled between the time of leasing and the time of Plaintiff, Hubert Hamilton's, injury.

19.     As a result of Defendant's negligence in leasing a ladder which would foreseeably be used by someone such as Plaintiff, Hubert Hamilton, was caused to be seriously injured.

20.     As a direct and proximate result of Defendant leasing this ladder, Plaintiff, Hubert Hamilton, was caused to be seriously injured, forced to undergo significant physical therapy and surgery, incurred substantial medical expenses, was unable to perform his daily activities and pursuits, and will permanently miss time and income from his job.

21.     Further, Plaintiff, Hubert Hamilton, has suffered, among other things, serious, debilitating, and permanent injuries to his body, orthopedic injuries, significant medical treatment, loss of enjoyment of life, mental anguish, emotional distress, decreased mobility and other medical issues.  Plaintiff, Hubert Hamilton, also has suffered and will continue to suffer significant economic loss, including but not limited to significant medical and other care needs and expenses, and lost wages.

### COUNT I
### (Negligence)

22.     Plaintiff, Hubert Hamilton, adopts by reference each of the allegations contained in the foregoing paragraphs of this Complaint, as if fully set forth herein.

23.     Plaintiff, Hubert Hamilton, avers that his injuries were caused by the negligence of Defendant.

24.     Defendant owed Plaintiff, Hubert Hamilton, a foreseeable user of the ladder, a duty to use reasonable care in, among other things: (i) properly and adequately inspecting the ladder; and (ii) properly and adequately testing the ladder.

4

25.     Contrary to the duties owed to Plaintiff, Hubert Hamilton, Defendant was negligent in that it, among other things:

      a.   Failed to properly and adequately inspect the ladder;

      b.   Failed to properly and adequately test the ladder;

      c.   Failed to adhere to and comply with applicable industry standards for the testing of its products; and

      d.   Was otherwise negligent and careless.

26.     Defendant's negligence and breaches of its duties, as outlined above, resulted in the placement of a dangerous ladder, unfit for use, into the stream of commerce.

27.     As a direct and proximate result of Defendant's negligence and breaches of its duties, as outlined above, Plaintiff, Hubert Hamilton, has suffered, among other things, serious, debilitating, and permanent injuries to his body, orthopedic injuries, significant medical treatment, loss of enjoyment of life, mental anguish, emotional distress, decreased mobility and other medical issues.  Plaintiff, Hubert Hamilton, also has suffered and will continue to suffer significant economic loss, including but not limited to significant medical and other care needs and expenses, and lost wages.

28.     Plaintiff, Hubert Hamilton, further states that all of his injuries, damages, and losses complained of were directly caused by the negligence of Defendant, without any negligence on the part of Plaintiff contributing thereto.

**WHEREFORE**, this suit is brought and Plaintiff, Hubert Hamilton, requests that a judgment be entered against Defendant for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and any other relief to which the Court finds he is entitled.

## COUNT II
### (Breach of Implied Warranty of Merchantability–MD. Code Ann., Com. Law § 2-314)

29.    Plaintiff, Hubert Hamilton, adopts by reference each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

30.    Defendant is a merchant with respect to household tools, including this ladder.

31.    Defendant placed this defective ladder into the stream of commerce.

32.    At the time of leasing this ladder to Plaintiff, Hubert Hamilton's, employer, Defendant warranted to Plaintiff, Hubert Hamilton, a foreseeable user of the ladder, that the ladder was merchantable and fit for the ordinary purpose for which the ladder was intended, namely, among other things, to provide users with a safe means of reaching high locations.

33.    Defendant breached the warranty of merchantability, in that the ladder was not of good and merchantable quality and was not reasonably fit for performing the function for which it was intended, namely, among other things, providing users with a safe means of reaching high locations.

34.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff, Hubert Hamilton, was seriously and permanently injured.

35.    As a direct and proximate result of Defendant's negligence and breach of duty as outlined above, Plaintiff, Hubert Hamilton, has suffered serious, debilitating, and permanent injuries to his body, orthopedic injuries, significant medical treatment, loss of enjoyment of life, mental anguish, emotional distress, decreased mobility and other medical issues.  Plaintiff, Hubert Hamilton, also has suffered and will continue to suffer significant economic loss, including but not limited to significant medical and other care needs and expenses, and lost wages.

6

36.    Plaintiff, Hubert Hamilton, further states that all of his injuries, damages, and losses complained of were directly caused by the negligence of Defendant, without any negligence on the part of Plaintiff, Hubert Hamilton, contributing thereto.

**WHEREFORE,** this suit is brought and Plaintiff, Hubert Hamilton, requests that a judgment be entered against Defendant for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and any other relief to which the Court finds he is entitled.

Respectfully submitted,

*Jeffrey Scholnick Jr.*

JEFFREY R. SCHOLNICK
jscholnick@scholnicklaw.com
CPF # 83120101408
9515 DEERECO ROAD, STE 407
TIMONIUM, MD 21093
*Counsel for Plaintiff, Hubert Hamilton*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable in this case.

*Jeffrey Scholnick Jr.*
Jeffrey Scholnick

7

IN THE CIRCUIT COURT FOR <u>Prince George's County</u> ▼

*(City or County)*

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT    CASE NUMBER _____

*(Clerk to insert)*

**CASE NAME:** HUBERT HAMILTON _____ vs. ____ HOME DEPOT U.S.A., INC

                     *Plaintiff*                                      *Defendant*

**PARTY'S NAME:** Hubert Hamilton _____    PHONE: _____

**PARTY'S ADDRESS:** 4 Stoney Mine Court, Thurmont, MD 21201

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTTORNEY'S NAME:** Jeffrey R. Scholnick _____    PHONE: 410-494-9944

**PARTY'S ATTTORNEY'S ADDRESS:** 9515 Deereco Road, Suite 407, Timonium, MD 21093

**PARTY'S ATTTORNEY'S E-MAIL:** jscholnick@scholnicklaw.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours _____ days

### PLEADING TYPE

**New Case:** ☒ Original ☐ Administrative Appeal ☐ Appeal

**Existing Case:** ☐ Post-Judgment ☐ Amendment

*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specfic Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 10/2021)

5-24-2022             20190989086             6020220524032463

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated Liability above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

### MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☒ Over $100,000

☐ Medical Bills $ 50,000   ☐ Wage Loss $ 150000   ☐ Property Damages $ _____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | |
|---|---|---|
| A. Mediation | ☒ Yes ☐ No | C. Settlement Conference ☒ Yes ☐ No |
| B. Arbitration | ☐ Yes ☒ No | D. Neutral Evaluation ☐ Yes ☒ No |

### SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

### ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*

**(Case will be tracked accordingly)**

☐ 1/2 day of trial or less   ☒ 3 days of trial time
☐ 1 day of trial time   ☐ More than 3 days of trial time
☐ 2 days of trial time

### BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of   ☐ **Standard** - Trial within 18 months of
Defendant's response   Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❏ **Expedited** - Trial within 7 months of Defendant's response          ❏ **Standard** - Trial within 18 months of Defendant's response

---

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❏ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❏ Civil-Short | Trial 210 days from first answer. |
| ❏ Civil-Standard | Trial 360 days from first answer. |
| ❏ Custom | Scheduling order entered by individual judge. |
| ❏ Asbestos | Special scheduling order. |
| ❏ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ❏ Tax Sale Forclosures | Special scheduling order. |
| ❏ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❏ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❏ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❏ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❏ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

May 10, 2022
_____
Date

9515 Deereco Road, Suite 407
_____
Address

Timonium          MD          21093
_____
City          State          Zip Code

_____ 03120101408
Signature of Counsel/ Party          Attorney Number

Jeffrey R. Scholnick
_____
Printed Name

**CC-DCM-002** (Rev. 10/2021)          Page 3 of 3